

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 31, 1949

Hon. Robert S. Calvert                 Opinion No. V-835
Comptroller of Public Accounts
Austin, Texas                          Re: Imposition of penalties
                                       and interest for non-
                                       payment of motor fuel
                                       taxes.

Dear Sir:

　　　　We quote the following from your letter of April 20, 1949:

　　　　"A distributor of motor fuel holding a Texas permit
and operating a refinery in Corpus Christi, Texas, en-
tered into a long term contract with another licensed dis-
tributor of Houston, to sell and deliver to them approxi-
mately 3,780,000 gallons of motor fuel per month during
the period of the contract. Before making any of the de-
liveries the Corpus Christi distributor obtained written
authority from the Comptroller to sell motor fuel tax
free to the Houston distributor, under the terms of Sec-
tion 5(a) of . . .(Article 7065b, V. C. S.) as long as such
motor fuel was purchased for further refining or for ex-
portation by the purchaser as authorized by the said Sec-
tion 5(a).

　　　　"For several months the motor fuel was delivered
into tankers or barges for and upon orders from the
Houston distributor who thereafter moved the product
in export to the Atlantic Coast Area. Then during one
month the Houston distributor ordered 360,841 gallons
of motor fuel delivered into a barge for coastwise ship-
ment to a Texas port for the purpose of taxable sales in
intrastate commerce, and inasmuch as the sale and de-
livery was made pursuant to the standing contract under
which all prior purchases had been made for the purpose
of exportation, the Corpus Christi distributor invoiced
the motor fuel without including the tax through error.
Approximately four months after the delivery of the mo-
tor fuel, and before the Comptroller made its next per-
iodical audit, the Corpus Christi distributor detected the
error, collected the tax from the Houston distributor,
and remitted the tax at 4 cents per gallon to the Comp-
troller without adding penalties and interest.

"A very similar transaction occurred between two distributors operating under a similar contract in Amarillo, who likewise caught the error and paid the tax some three months later before the Comptroller's periodical audit was made. Around $6000 in penalties and interest are involved in the two cases.

" * * *

"In view of the fact that in both of the above cases the distributors omitted paying the taxes on the dates they became due under the law through unintentional errors, the delinquent taxes being paid voluntarily and before the delinquency was detected by the Comptroller audits, may the Comptroller waive or omit the 2% and 8% penalties and the 10% interest prescribed . . . (by Article 7065b-18, V. C. S.) or does the . . . prescription of law make it mandatory upon the Comptroller to proceed for collection of said penalties and interest? " (Citations to statutes in parenthesis added.)

The relevant portion of Article 7065b-18, V. C. S., reads as follows:

"Provided, however, that in addition to the penalties shown, if any distributor or user does not make remittance for any taxes collected, or pay any taxes due the State by said distributor or user, within the time prescribed by law, said distributor or user shall forfeit two (2) per cent of the amount due; and if not remitted or paid within twenty (20) days from the due date, he shall forfeit an additional eight (8) per cent penalty. All past due taxes and penalties shall draw interest at the rate of ten (10) per cent per annum." (Emphasis added.)

This directive is expressed in clear, unambiguous, and positive terms. It prescribes the results which will flow from non-compliance with its requirements. 3 Southerland on Statutory Construction (3rd Ed. 1943) Sec. 5818/ We are of the opinion that it is clearly mandatory in character.

When a statute expressly authorizes the imposition of a penalty for failure to pay taxes when due, the general rule is that if no legal excuse for nonpayment is shown, the taxpayer is subject to the penalty prescribed by the statute. 61 C. J. 1488, Taxation, Sec. 2128. The fact that the taxpayer thought that he did not owe the tax, or erroneously assumed that the property was not taxable

does not defeat the penalty. 61 C. J. 1489, citing Dallas Gas Co. v. State, 261 S.W. 1063 (Tex. Civ. App. 1924, error ref.). In the Dallas Gas Co. case the defendant company resisted the imposition of the tax both by asserting the invalidity of the taxing statute and by denying that it came within its terms. The court sustained the validity of the statute, held that its terms were applicable to the company, and further held that the trial court had erred in refusing to include in the judgment the prescribed penalty prayed for by the State. The court said:

> "Article 7387, Revised Statutes 1911, provides the following which applies to the occupation tax due by appellant:
>
> " 'Any person, company, corporation or association, or any receiver or receivers, failing to pay any tax for thirty days' from the date when said tax is required by this chapter to be paid, shall forfeit and pay to the state of Texas a penalty of ten per cent. upon the amount of such tax.'
>
> "Article 7388 also provides for the recovery of such penalty in a suit brought by the Attorney General. The fact that appellant acted in good faith, or did not think it owed the tax, does not relieve it from liability for the penalty, if it in fact did not pay the taxes due by it to the state within the 30 days prescribed by law. Under the undisputed facts in the case, if appellant was due the amount sued for by the state as delinquent taxes, the statutory penalty had accrued, and the judgment should also have included it." (Emphasis added.)

There is no statutory provision which would authorize the Comptroller to reduce or waive the penalties and interest here involved. In the absence of such authorization the Comptroller cannot waive or reduce the stated statutory amount. 34 Tex. Jur. 439, 440, Public Officers, Sections 66, 67.

Our holding in this matter is in accord with Letter Opinion R-1332 of this office which held that the Secretary of State had no authority to waive, compromise, or reduce the penalties imposed for noncompliance with Articles 7089 (prescribing the time for filing corporate reports) and 7090, V. C. S. (prescribing date for payment of franchise taxes),

## SUMMARY

The Comptroller has no authority to waive or reduce the statutory amount of penalties and interest imposed for failure to pay motor fuel taxes when due. Dallas Gas Co. v. State, 261 S.W. 1063 (Tex. Civ. App. 1924, error ref.).

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Marietta McGregor Creel_
Mrs. Marietta McGregor Creel
Assistant

MMC/mwb

APPROVED

_Joe R. Greenhill_
ACTING ATTORNEY GENERAL